**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TREY WOOLEY**<br><br>**v.**<br><br>**N&W MARINE TOWING, L.L.C., ROYAL CARIBBEAN CRUISES, LTD., M/V NICHOLAS, MAJESTY OF THE SEAS, STARR INDEMNITY & LIABILITY COMPANY, ASCOT (NATIONAL SPECIALTY INSURANCE) COMPANY, AND ABC INSURANCE COMPANY** | **CIVIL ACTION NO.: 2:21-cv-00150**<br><br>**SECTION: T(1)**<br><br>**JUDGE: GUIDRY**<br><br>**MAGISTRATE: van MEERVELD** |

**<u>MEMORANDUM IN SUPPORT OF MOTION TO REMAND</u>**

**MAY IT PLEASE THE COURT:**

Plaintiff Trey Wooley respectfully submits this memorandum in support of its Motion to Remand.

1. **FACTUAL BACKGROUND**

On or about February 29, 2020, the M/V NICHOLAS (a vessel owned by Defendant N&W Marine Towing, L.L.C.) was traveling on the navigable waters of the Mississippi River in the Parish of Orleans, State of Louisiana, with six barges in tow. At about the same time, the M/V SHANE C (a vessel owned by Turn Services, LLC, who is not a named Defendant in this action) radioed the M/V NICHOLAS and requested he widen out away from the fleet. Shortly thereafter, an overtaking cruise ship, MAJESTY OF THE SEAS, owned and/or operated by Royal Caribbean Cruises, Ltd. with a compulsory river pilot radioed the M/V NICHOLAS and asked if it was going to take up the whole river. Shortly thereafter, the M/V NICHOLAS experienced a wake from the MAJESTY OF THE SEAS, causing one of its two face wires to break. While attempting to maneuver towards the bank, its other face wire broke. Turn Services, LLC ordered another of its

vessels, the M/V ASSAULT and its deckhands to assist the M/V NICHOLAS in pushing its tow into the fleet.

Several Turn Services, LLC deckhands on the M/V ASSAULT, at the direction of their employer, offered to remove the broken face wire from the winch. During this process, Turn Services, LLC deckhand TREY WOOLEY offered to assist in replacing the face wire because the crew on M/V Nicholas was either unwilling or untrained to do it. TREY WOOLEY put a call out on a radio to M/V NICHOLAS' captain who was in the wheelhouse and confirmed that he was being ordered to replace the face wire. After receiving confirmation of the order, WOOLEY bumped the winch and, due to a defective condition of the subject winch and/or due to the negligence of one or more deckhands on the M/V NICHOLAS, the winch began to crush TREY WOOLEY's hand, causing him to suffer severe and debilitating injuries to his hand, requiring multiple surgeries, and causing him to suffer physical and emotional injuries and damages.

As a result of the above-alleged actions and resulting damages, on August 31, 2020, N&W Marine Towing, L.L.C. filed a Verified Complaint in Limitation (Civil Action No. 2:20-cv-02390, Rec. Doc. 1.1) under Rule F(1) against Plaintiff, MAJESTY OF THE SEAS, Royal Caribbean Cruises, Ltd., and Turn Services, Inc., seeking a limitation of $1,750,000.00 as per the Declaration of Value of its vessel, the M/V NICHOLAS. On September 17, 2020, the Court signed an order (Civil Action No. 2:20-cv-02390, Rec. Doc. 8) accepting the Letter of Undertaking filed by N&W Marine Towing, L.L.C. On December 2, 2020, Plaintiff appeared as a claimant and filed Claims for Damages and Original Answer (Civil Action No. 2:20-cv-02390, Rec. Doc. 12) to the Verified Complaint in Limitation (Civil Action No. 2:20-cv-02390, Rec. Doc. 1.1).

In said Claims for Damages and Original Answer, Plaintiff/Claimant objected to N&W Marine Towing, L.L.C.'s request for an injunction and reserved his right to bring any and all claims

in state court. On January 8, 2021, Plaintiff filed a Petition for Damages against N&W Marine Towing, L.L.C., Royal Caribbean Cruises, Ltd., MAJESTY OF THE SEAS, Starr Indemnity & Liability Company, Ascot (National Specialty Insurance) Company, and ABC Insurance Company in the Civil District Court for the Parish of Orleans. On January 22, 2021, Royal Caribbean Cruises, Ltd. filed a Notice of Removal (Civil Action No. 2:21-cv-00150, Rec. Doc. 1) removing Plaintiff/Claimant's Petition for Damages. The asserted basis for removal jurisdiction was diversity of citizenship pursuant to 28 U.S.C. § 1332 and 1441. As will be shown, diversity does not exist and this Court therefore lacks subject matter jurisdiction, requiring remand of this action to the Civil District Court for the Parish of Orleans.

## 2. LEGAL ARGUMENT

### a. Defendants bear the burden of proving that removal was proper, and all doubts should be resolved in favor of remand.

Federal courts "are courts of limited jurisdiction and, as such, lack the power to disregard such limits as have been imposed by the Constitution or Congress."[1] Judicial scrutiny is especially important "in the context of removal, where considerations of comity play an important role."[2] Deference is owed to the Plaintiff's choice of forum.[3] "The district court, in a challenged case, may retain jurisdiction only where its authority to do so is clear."[4] "Any ambiguities are construed against removal, because the removal statute should be strictly construed in favor of remand."[5] "The propriety of removal is even more closely guarded and scrutinized when the basis for

---

[1] *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013).
[2] *Veneruso v. Mount Vernon Neighborhood Health Ctr.*, 933 F. Supp. 2d 613, 618 (S.D.N.Y. 2013), *aff'd,* 586 F. App'x 604 (2d Cir. 2014).
[3] *See In re: Xarelto (Rivaroxaban) Prod. Liab. Litig.*, No. 16-1066, 2016 WL 4409555, at *7 (E.D. La. Aug. 19, 2016) (Fallon, J.) "[T]he Court is cognizant of the deference owed to a plaintiff's choice of forum…")
[4] Spillers v. Tillman, 959 F. Supp. 364, 368 (S.D. Miss. 1997).
[5] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

removal rests on diversity of citizenship grounds."[6]

"A party invoking the removal jurisdiction of the federal courts bears a heavy burden."[7] "This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute."[8] "When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof."[9]

**b. Diversity of Citizenship Does not Exist and Federal Maritime Law does not Provide a Basis for Removal Jurisdiction.**

Remand in this matter is required, because this Court lacks a basis for the exercise of removal jurisdiction.

**i. Royal Caribbean Cruises, Ltd. has failed to demonstrate diversity of citizenship; in fact, the petition facially demonstrates non-diverse parties.**

Defendants failed to carry their burden of proving the basis for this court to exercise diversity jurisdiction, because the Notice of Removal fails to accurately identify each of the members of the Defendants and each member's citizenship. "[T]he citizenship of a LLC is determined by the citizenship of all of its members."[10] "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation."[11] N&W Marine Towing, L.L.C. is a limited liability company organized and based in Louisiana, and, in order to establish diversity of citizenship, Royal Caribbean

---

[6] *Potter v. Shoney's, Inc.*, 108 F. Supp. 2d 489, 496 (M.D.N.C. 1999).
[7] *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996); *see also Manguno*, 276 F.3d at 723 ("The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper.").
[8] *Spillers*, 959 F. Supp. at 368.
[9] *Hertz Corp. v. Friend*, 559 U.S. 77, 96–97, 130 S. Ct. 1181, 1194–95, 175 L. Ed. 2d 1029 (2010).
[10] *Alphonse v. Arch Bay Holdings, L.L.C.*, 618 F. App'x 765, 768 (5th Cir. 2015).
[11] *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017).

Cruises, Ltd. is required to establish the citizenship of each of its members. Royal Caribbean Cruises, Ltd. alleges that N&W Marine Towing, L.L.C. "is a citizen of the State of Louisiana." (Civil Action No. 2:21-cv-00150, Rec. Doc. 1, p. 2, ¶ 5). On the face of its Notice of Removal, there is not diversity among the parties and Royal Caribbean Cruises, Ltd. has failed to carry its burden of proof and remand is proper.[12]

**ii. Maritime claims filed in state court are exempt from removal pursuant to the "saving to suitors" clause of 28 U.S.C. § 1333.**

Under 28 U.S.C. §1333(1), federal district courts have jurisdiction over "[a]ny case of admiralty or maritime jurisdiction, saving to suitors in all cases other remedies to which they are otherwise entitled." The Fifth Circuit has explained:

> even though federal courts have original jurisdiction over maritime claims under 28 U.S.C. § 1333, they do not have removal jurisdiction over maritime cases which are brought in state court. Instead, such lawsuits are exempt from removal by the "saving-to-suitors" clause of the jurisdictional statute governing admiralty claims, and therefore may only be removed when original jurisdiction is based on another jurisdictional grant, such as diversity of citizenship.[13]

Where, as here, "plaintiff [has] exercised [its] 'historic option' in state court under the saving to suitors clause, the matter cannot be removed in the absence of diversity."[14]

The revisions to 28 USC §1441 in 2011 do not authorize removal of maritime claims. In *Baker v. Hercules Offshore, Inc.*, the Fifth Circuit held that the revisions were merely a

[12] See, e.g., *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537–38 (5th Cir. 2017) (Defendant failed to establish removal jurisdiction by failing to identify each of Plaintiff-LLC's members. Here, Defendant merely admits that Defendant-LLC is a Louisiana citizen, thereby admitting diversity jurisdiction does not exist).
[13] *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 219 (5th Cir. 2013) (citations omitted).
[14] *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1543 (5th Cir. 1991) (quoting *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 371 (1959)).

clarification, not an amendment.[15] Consistent with *Baker* and "more than 200 years of precedent," Courts in the Eastern District addressing the revisions consistently have upheld the well-established principle that "maritime law claims are not now removable—nor have they ever been—without an independent basis of jurisdiction other than 28 U.S.C. § 1333."[16] Because no independent basis for jurisdiction exists, this Court lacks subject matter jurisdiction and this case should be remanded to the Civil District Court for the Parish of Orleans.

**iii. The stipulation by Plaintiff permits the state court action to proceed.**

Royal Caribbean Cruises, Ltd. suggested that the stay order precludes litigation of the instant action in state court and the addition of certain party-defendants (namely, the non-diverse N&W Marine Towing, L.L.C.) constitutes fraudulent joinder. As will be shown, the stipulation concurrently filed in the Limitation Action renders this argument moot.

Federal courts have recognized that, in two kinds of limitation cases, claimants are permitted to pursue their remedies in a forum of their choosing.[17] The first exception concerns

---

[15] *Barker*, 713 F.3d at 223 (citing H.R.REP. NO. 112–10).

[16] *Gregoire v. Enter. Marine Servs., LLC*, 38 F. Supp. 3d 749, 754 (E.D. La. 2014) (Duval, J.); *see also Jefferson Par. v. Anadarko E&P Onshore LLC*, No. CV 13-6701, 2015 WL 13534014, at *6 (E.D. La. Mar. 11, 2015) (Lemelle, J.); *Darville v. Tidewater Marine Serv., Inc.*, No. CV 15-6441, 2016 WL 1402837, at *8 (E.D. La. Apr. 11, 2016) (Brown, J.); *Yavorsky v. Felice Navigation, Inc.*, No. CIV.A. 14-2007, 2014 WL 5816999, at *5 (E.D. La. Nov. 7, 2014) (Lemmon, J.); *Henry J. Ellender Heirs, LLC v. Exxon Mobil Corp.*, 42 F. Supp. 3d 812, 820 (E.D. La. 2014) (Fallon, J.); *Bisso Marine Co. v. Techcrane Int'l, LLC*, No. CIV.A. 14-0375, 2014 WL 4489618, at *5 (E.D. La. Sept. 10, 2014) (Feldman, J.); *Grasshopper Oysters, Inc. v. Great Lakes Dredge & Dock, LLC*, No. CIV.A. 14-934, 2014 WL 3796150, at *1 (E.D. La. July 29, 2014) (Berrigan, J.); *Riley v. Llog Expl. Co. LLC*, No. CIV.A. 14-437, 2014 WL 4345002, at *5 (E.D. La. Aug. 28, 2014) (Milazzo, J.); *Perrier v. Shell Oil Co.*, No. CIV.A. 14-490, 2014 WL 2155258, at *3 (E.D. La. May 22, 2014) (Zainey, J.); *Jefferson Par. v. Equitable Petroleum Corp.*, No. CIV.A. 13-6714, 2015 WL 2372362, at *11 (E.D. La. May 18, 2015) (Vance, J.); *see also* Wright & Miller, 14A Fed. Prac. & Proc. Juris. § 3674 (4th ed.) (explaining that the majority of courts have held that "admiralty jurisdiction does not independently support removal); David W. Robertson & Michael F. Sturley, *Recent Developments in Admiralty and Maritime Law at the National Level and in the Fifth and Eleventh Circuits*, 38 Tul. Mar. L.J. 419, 432-33 (2014) (noting that the 2011 amendments "should not change the settled understanding" of the Supreme Court's *Romero* decision that cases brought in state court under the saving-to-suitor clause cannot be removed.).

[17] *See Universal Towing v. Barrale*, 595 F.2d 414, 418 (8th Cir. 1979).

cases where the limitation fund exceeds the total of all claims.[18] Plaintiff suggests to the Court that on the basis of the stipulation concurrently filed by Plaintiff in the limitation action, this criterion is satisfied.

Even if this Court determines that is not the case, and that the second exception is at issue here, then that exception applies "if there is only one claim which exceeds the value of the fund."[19] This "single claim exception" applies in circumstances involving a single claimant, but it also applies in circumstances involving multiple claimants, who may try liability and damages issues in another forum by filing stipulations that protect the shipowner's right to have the federal court, sitting in admiralty, ultimately adjudicate its claim to limited liability.[20]

Where one of these two exceptions applies, "it is an abuse of the court's discretion to fail to dissolve the injunction against other legal proceedings, and thus deprive a claimant of his choice of forum."[21] Moreover, in order that the shipowner's right to limit its liability is preserved in accordance with the Act, a claimant must file certain stipulations with the district court before the injunction may be dissolved. Specifically, a claimant must: (1) concede that the district court has exclusive jurisdiction to determine all issues relating to the shipowner's right to limit its liability, including determination of the value of the limitation fund; and (2) waive any right to claims of res judicata based on a judgment from another forum.[22] That has been done in this case.[23]

---

[18] *Id.*
[19] *Id.*
[20] *See, e.g., In re Ill. Marine Towing, Inc.*, 498 F.3d 645, 652 (7th Cir. 2007); *Beiswenger Enters. Corp. v. Carletta*, 86 F.3d 1032, 1037 (11th Cir. 1996); *Universal Towing*, 595 F.2d at 418-419.
[21] *Valley Line Co. v. Ryan*, 771 F.2d 366, 373 (8th Cir. 1985).
[22] *See Magnolia Marine*, 964 F.2d at 1575 (citing cases); Valley Line, 771 F.2d at 373 & n.3 (8th Cir. 1985); *see also Riverway Harbor*, 263 F.3d at 792 ("As long as a claimant stipulates to exclusive federal jurisdiction for limitation of liability purposes, that claimant may also pursue any other claims dealing with exoneration from liability in state court pursuant to the savings to suitors clause.").
[23] See concurrently filed stipulation in Civil Action No. 2:20-cv-02390, Rec. Doc. 26.

It should be noted that Turn Services, LLC is not a party in the Petition filed by Plaintiff in the Civil District Court. The only remaining claim from the limitation action which is therefore pertinent in the state court lawsuit at issue is the one by Royal Caribbean Cruises, Ltd., which does not constitute its own, independent claim (thereby requiring a stipulation for Plaintiff's argument to succeed). The Fifth Circuit has ruled that "an indemnity claim does not by itself create a multiple-claim situation."[24] "[T]he claim of an injured party and the indemnity claim of a third party are treated as a single claim [because] the indemnity claim is merely derivative of the one presented by the claimant."[25] "[T]here is ultimately only one enforceable damage award against the owner."[26]

Even if this Court finds that the grounds for lifting the stay have not been lifted, the action should still be remanded to the Civil District Court for the Parish of Orleans and stayed until such time as the Court either (1) becomes satisfied that sufficient stipulations have been made to protect the vessel owner's interest; and/or (2) until such time as the Court rules upon the limitation action itself. Under either scenario, no fraudulent joinder has occurred in this matter and Royal Caribbean has plainly failed to demonstrate grounds for removal. For these reasons alone, remand is proper and warranted.

## CONCLUSION

Based on the four corners of the Petition for Damages filed by Plaintiff in the Civil District

---

[24] *Universal Towing*, 595 F.2d at 419 (holding that a third party's indemnification claim and claimant's damage award against a barge owner "constitute a single claim for purposes of the limitation proceeding").
[25] *Id.* (citations omitted).
[26] *Id.*; *see also Helena Marine Serv., Inc. v. Sioux City & New Orleans Barge Lines, Inc.*, 564 F.2d 15, 19 & n.5 (8th Cir. 1977) ("The nature of an indemnity claim suggests that between them, [the claimant] and [a third party] could recover from[the shipowner] no more than the amount of a single judgment in favor of [the claimant]."); *see also, In re Massman*, 4:12-cv-1665, 2013 WL 718885 (E.D. Mo February 27, 2013) (not reported in F.Supp.2d).

Court for the Parish of Orleans and by the statements of Royal Caribbean Cruises, Ltd. in its Notice of Removal, diversity jurisdiction does not exist and this Court does not have subject matter jurisdiction under 28 U.S.C. § 1332. Similarly, removal is not permitted based solely upon admiralty jurisdiction. The "savings to suitors" clause, in 28 U.S.C. § 1333, authorizes parties to assert maritime claims in state courts and precludes removal, where federal jurisdiction is asserted solely on the basis of admiralty. In the instant matter, any stay issues have been resolved by the concurrently filed stipulation; even if the stay remains in place, the requirements for diversity jurisdiction are not met in this case.

Accordingly, because no basis for removal jurisdiction exists, this Court should remand this action to the Civil District Court for the Parish of Orleans with all costs and fees associated with removal to be borne by Royal Caribbean Cruises, Ltd.

Respectfully submitted:
***Glago Williams, LLC***

/s/ Christopher G. Otten
**Mark P. Glago, Bar No. 25395**
**Jatavian L. Williams, Bar. No. 33431**
**Katherine E. May, Bar No. 32578**
**Christopher G. Otten, Bar No. 32626**
First Bank & Trust Tower - 29th Floor
909 Poydras Street
New Orleans, Louisiana 70112
Telephone: (504) 500-2020
Facsimile: (504) 599-8699
mglago@glagowilliams.com
jwilliams@glagowilliams.com
kmay@glagowilliams.com
cotten@glagowilliams.com

**Attorneys for the Plaintiff, Trey Wooley**