UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF N&W MARINE TOWING, LLC, AS OWNER OF THE M/V NICHOLAS, ITS ENGINES, TACKLE, APPURTENANCES, FURNITURE, ETC. PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION NO: 2:20-cv-02390<br>C/W   2:21-cv-00150<br><br>SECTION T(1) |

### ORDER

Before the Court is a Motion to Bifurcate Limitation Proceedings filed by Plaintiff.[1] N&W Marine Towing, LLC ("N&W Marine") has filed an opposition.[2] For the following reasons, the Motion is **DENIED**.

### BACKGROUND

This is a civil maritime action for exoneration from or limitation of liability pursuant to 46 U.S.C. § 305, *et seq*. arising from an incident involving multiple vessels on the Mississippi River. On February 29, 2020, the M/V NICHOLAS was traveling upriver with a six pack of barges in tow. While navigating between the M/V ASSAULT on one side of the river and an overtaking cruise ship on the other,[3] both face wires connecting the M/V NICHOLAS to its tow were severed. Following the first breakage, the M/V ASSAULT radioed to offer help in replacing the face wires on the M/V NICHOLAS. Several deckhands, including the Plaintiff, Trey Wooley, boarded the M/V NICHOLAS. During his attempt to remove the broken face wire, Plaintiff's hand was crushed when another seaman allegedly turned on the winch.

---

[1] R. Doc. 76.
[2] R. Doc. 92.
[3] The cruise ship was the MAJESTY OF THE SEA, owned and operated by Royal Caribbean Cruises, Ltd.

1

On August 31, 2020, the owner of the M/V NICHOLAS filed a Verified Complaint in Limitation under Rule F(1).[4] Following Plaintiff's filing for damages and his answer in this Court,[5] Plaintiff filed a Petition for Damages in the Civil District Court for the Parish of Orleans, which was subsequently removed and later consolidated upon the filing of a Notice of Removal by Defendant Royal Caribbean Cruises ("RCCL").[6] Plaintiff recently settled his claims with RCCL and now moves for bifurcation on the issues of liability and damages, with liability to be determined at the bench trial set to begin August 11, 2021, and damages to be decided separately by state jury trial.[7]

## LAW AND ANALYSIS

Under Federal Rule of Civil Procedure 42(b), a district court may order a separate trial if "(1) it would avoid prejudice, (2) it would be convenient to do so, or (3) it would be economical or would expedite the litigation to do so."[8] The question of bifurcation is within the sound discretion of the court, and the court must exercise such discretion on a case-by-case basis.[9] Separate trials, however, should be the exception, not the rule.[10] Indeed, "the Fifth Circuit has ... cautioned district courts to bear in mind before ordering separate trials in the same case that the 'issue to be tried [separately] must be so distinct and separable from the others that a trial of it alone may be had without injustice.'"[11] In sum, courts must consider the justifications for

---

[4] R. Doc. 1; Fed. R. Civ. P. F(1).
[5] R. Doc. 12.
[6] R. Docs. 1 and 8, respectively.
[7] R. Doc. 76-1 at 7-8.
[8] Fed. R. Civ. P. 42(b); *In re: Bertucci Contracting Co. LLC*, No. 12-cv-664, 2015 WL 114174 at *2 (E.D. La. Jan. 8, 2015) (citing *Laitram Corp. v. Hewlett-Packard Co.*, 791 F.Supp. 113, 115 (E.D. La. 1992).
[9] *Id.* at 5.
[10] *Laitram*, 791 F. Supp. at 114; *see also McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 304 (5th Cir. 1993); *Porter v. Milliken & Michaels, Inc.*, No. 9-0199, 2000 WL 1059849 at *2 (E.D. La. Aug. 1, 2000).
[11] *Laitram* at 115 (alteration in original) (quoting *Swofford v. B & W, Inc.*, 336 F.2d 406, 415 (5th Cir. 1964)).

bifurcation in relation to the facts of the individual case, giving particular consideration to the avoidance of prejudice, in order to determine if a separate trial is appropriate.[12]

The question before the Court is whether bifurcation would achieve the purposes of Rule 42(b). Specifically, the determinative factors for consideration are whether granting bifurcation would expedite and economize proceedings, conserve judicial resources, promote convenience, and prevent prejudice.[13] Plaintiff contends that bifurcation would preserve his right to jury trial, thus balancing the competing interests of his rights under the Saving to Suitors Clause and N&W's right to a federal bench trial under the Limitation of Liability Act.[14] Plaintiff further asserts that bifurcation would significantly shorten the length of trial and expedite proceedings.[15] N&W argues in opposition that—based on the specific facts of this case—the issues of liability, causation, and damages are inextricably linked to Plaintiff's testimony and credibility, and bifurcation would lead to unnecessary, duplicative trials.[16] Due to significant evidentiary overlaps and the minimal number of damages witnesses, N&W asserts that a bench trial on all issues would be more efficient, equitable, economic, and convenient.[17]

The Court finds bifurcation unwarranted within the context of Rule 42(b). In this case, the issues of limitation and damages turn on the same evidence and testimony, including that of the Plaintiff. Another court within this district previously denied bifurcation under similar facts, reasoning that the time and resources of the court and the parties would be better served through a single trial on all issues based on the intertwining relationship between the issues and evidence.[18]

---

[12] *See Laitram*, 791 F. Supp. at 114-15 (noting that when determining whether to bifurcate, a court "must balance the equities" and "exercise its discretion on a case-by-case basis").
[13] *In the Matter of the Complaint of the Owners of the M/V UNCLE ROBERT for Exoneration from or Limitation of Liability*, Civ. A. No. 18-10526, 2020 WL 3576839 (E.D. La. July 1, 2020).
[14] R. Doc. 76-1 at 7; 28 U.S.C. § 1333(1); 46 U.S.C. § 305, *et seq.*
[15] *Id*.
[16] R. Doc. 92 at 1.
[17] *Id*. at 8.
[18] *In re: Bertucci* at *3.

The same is true here, and the Court agrees with N&W's argument that the same fact witness testimony used to support liability will be used to support the damages allegations. Bifurcation would do little to improve efficiency or conserve resources as separate trials on these issues would "counter the ends of justice and cause multiplication of proceedings, inconvenience to the parties in terms of a multiplication of the proceedings as well as the expense involved in preparing for separate proceedings."[19] Because the Court denies bifurcation based on the significant overlap of evidence, the Court need not address N&W's additional arguments questioning whether Plaintiff's state court action is procedurally defective.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion to Bifurcate Issues of Exoneration from and Limitation of Liability from Damages is **DENIED**.

New Orleans, Louisiana, this ___29th___ day of July, 2021.

                                                      **GREG GERARD GUIDRY**
                                             **UNITED STATES DISTRICT JUDGE**

---

[19] *Id*. at *4 (*citing In re Diamond B Marine Serv., Inc.*, No. 99-951, 99-984, 99-1346, 2000 WL 37987, at *2 (E.D. La. Jan. 14, 2000).