**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TREY WOOLEY**<br><br>**v.**<br><br>**N&W MARINE TOWING, L.L.C., ROYAL CARIBBEAN CRUISES, LTD., M/V NICHOLAS, MAJESTY OF THE SEAS, STARR INDEMNITY & LIABILITY COMPANY, ASCOT (NATIONAL SPECIALTY INSURANCE) COMPANY, AND ABC INSURANCE COMPANY** | **CIVIL ACTION NO.: 2:20-cv-02390**<br>**c/w: 2:21-cv-00150**<br><br>**SECTION: T(1)**<br><br>**JUDGE: GUIDRY**<br><br>**MAGISTRATE: van MEERVELD**<br><br>**This pleading applies to all cases** |

**STIPULATION OF CLAIMANTS TO LIFT STAY**

**NOW INTO COURT** come Trey Wooley and Turn Services, Inc., Claimants within the captioned Limitation Action,[1] who hereby stipulate as follows:

In order to afford sufficient protection from excess liability arising out of third party claims where indemnification or contribution is or may be sought by other defendants pending the resolution of all claims in the limitation proceeding, in the event there is a judgment or recovery by claimant in any state court action or proceeding of any type in excess of the value of the Limitation Fund determined in accordance with 46 U.S.C.A. § 30511 and Supplemental Admiralty and Maritime Claims Rule F, in no event will Claimant seek to enforce such excess judgment or recover against N&W Marine Towing, L.L.C., insofar as such enforcement may expose N&W Marine Towing, L.L.C.'s liability in excess of the adjudicated total Limitation Fund value, until such time as there has been an adjudication of limitation by this Court, which has exclusive

[1] Turn Services has assigned its claims to Trey Wooley, and accordingly, no longer has a claim against N&W. However, Turn Services, out of an abundance of caution, joins in this Stipulation as an alternative to the previously filed Stipulation (Rec. Doc. 26).

jurisdiction and authority to determine all issues relevant to N&W Marine Towing, L.L.C.'s claim for limitation of liability, and Plaintiff further agrees that any claim of res judicata based on judgment in any other Court, with respect to any issue of exoneration from and limitation of liability is reserved to this court, is hereby waived. Claimants are NOT required to stipulate to federal jurisdiction over N&W Marine's claim for exoneration, per *In Re Falcon Inland, Inc.*, 2 F.Supp.2d 835, 837 (E.D. La 1998).

Respectfully submitted on August 4, 2021.

***Glago Williams, LLC***

/s/ Christopher G. Otten
**Mark P. Glago, Bar No. 25395**
**Jatavian L. Williams, Bar. No. 33431**
**Katherine E. May, Bar No. 32578**
**Christopher G. Otten, Bar No. 32626**
First Bank & Trust Tower - 29th Floor
909 Poydras Street
New Orleans, Louisiana 70112
Telephone: (504) 500-2020
Facsimile: (504) 599-8699
mglago@glagowilliams.com
jwilliams@glagowilliams.com
kmay@glagowilliams.com
cotten@glagowilliams.com

**Attorneys for Claimant, Trey Wooley**

**AND**

***Frilot, L.L.C.***

*/s/ R. Patrick Ray*
PATRICK J. MCSHANE (19055)
DANICA B. DENNY (27376)
R. PATRICK RAY (33325)
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Telephone: (504) 599-8000
Facsimile: (504) 599-8100
Email: pmcshane@frilot.com
ddenny@frilot.com
pray@frilot.com
**Attorneys for Claimant Turn Services, L.L.C.**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2021 a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

/s/ Christopher G. Otten
Christopher G. Otten