**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TREY WOOLEY** | **CIVIL ACTION NO.: 2:20-cv-02390 c/w: 2:21-cv-00150** |
| **v.** | **SECTION: T(1)** |
| **N&W MARINE TOWING, L.L.C., ROYAL CARIBBEAN CRUISES, LTD., M/V NICHOLAS, MAJESTY OF THE SEAS, STARR INDEMNITY & LIABILITY COMPANY, ASCOT (NATIONAL SPECIALTY INSURANCE) COMPANY, AND ABC INSURANCE COMPANY** | **JUDGE: GUIDRY**<br>**MAGISTRATE: van MEERVELD**<br>**This pleading applies to all cases** |

# MEMORANDUM IN SUPPORT OF MOTION TO STAY LIMITATION OF LIABILITY PROCEEDING AND MOTION TO LIFT INJUNCTION

**MAY IT PLEASE THE COURT:**

Claimant Trey Wooley files this Memorandum in Support of his Motion to Stay Limitation of Liability Proceeding and to Lift Injunction.

## I. FACTUAL BACKGROUND AND SUMMARY OF THE ARGUMENT

In the interest of brevity, Mr. Wooley hereby adopts by reference, as if copied herein *in extenso*, the Factual Background in his Motion to Bifurcate (Rec. Doc. 76-1). Rather than belabor the facts of which this Court is aware, Claimant will address what has changed since that motion.

On August 3, 2021, Claimant entered into an agreement with Turn Services, Inc. whereby it assigned its tort contribution and indemnity claims to Mr. Wooley. This eliminates Turn as a claimant, and renders moot N&W's Rule 14(c) tender. This development, coupled with the settlement with RCCL as to **all of its claims**, renders this a single claim case. Based on the assignment, and per N&W's own arguments in its opposition to the Motion to Remand, this is now a single claimant case, and Mr. Wooley's already-filed stipulation (Rec. Doc. 26) satisfies the

requirements for Mr. Wooley's pending Motion to Remand (Rec. Doc. 27) to be granted by the Court, as the deficiencies identified by N&W have been cured. Mr. Wooley also adopts said Stipulation (Rec. Doc. 26) in support of the instant Motion to Stay Limitation of Liability Proceeding and Motion to Lift Injunction. Notwithstanding the above, and out of an abundance of caution, Mr. Wooley is concurrently filing an alternative stipulation with Turn Services joining, to eliminate any argument to the extent Turn is not yet dismissed, remains a nominal defendant, etc.[2]

As will be shown, this meets the requirements under the Fifth Circuit, as explicitly agreed to by N&W's counsel, and this Court is compelled to stay this action and permit Mr. Wooley to pursue his injuries in the state court proceeding, subject to the adequate protections provided to the Claimant-in-Limitation by Mr. Wooley's stipulation.

## II. ARGUMENT

Federal courts have recognized that, in two kinds of limitation cases, claimants are permitted to pursue their remedies in a forum of their choosing.[3] The first exception concerns cases where the limitation fund exceeds the total of all claims.[4] The second exception applies "if there is only one claim which exceeds the value of the fund."[5] This "single claim exception" applies in circumstances involving a single claimant, but it also applies in circumstances involving multiple claimants, who may try liability and damages issues in another forum by filing stipulations that protect the shipowner's right to have the federal court, sitting in admiralty, ultimately adjudicate its claim to limited liability.[6]

---

[2] See Rec. Doc. 118.
[3] *See Universal Towing v. Barrale*, 595 F.2d 414, 418 (8th Cir. 1979).
[4] *Id.*
[5] *Id.*
[6] *See, e.g., In re Ill. Marine Towing, Inc.*, 498 F.3d 645, 652 (7th Cir. 2007); *Beiswenger Enters. Corp. v. Carletta*, 86 F.3d 1032, 1037 (11th Cir. 1996); *Universal Towing*, 595 F.2d at 418-419.

Where one of these two exceptions applies, "it is an abuse of the court's discretion to fail to dissolve the injunction against other legal proceedings, and thus deprive a claimant of his choice of forum."[7] Moreover, in order that the shipowner's right to limit its liability is preserved in accordance with the Act, a claimant must file certain stipulations with the district court before the injunction may be dissolved. Specifically, a claimant must: (1) concede that the district court has exclusive jurisdiction to determine all issues relating to the shipowner's right to limit its liability, including determination of the value of the limitation fund; and (2) waive any right to claims of res judicata based on a judgment from another forum.[8] That has been done in this case.[9]

In *In re Two "R" Drilling Co., Inc. V. Rogers*, 943 F.2d 576, 578 (5th Cir. 1991), the Fifth Circuit held that, "[w]here the claimant concedes the admiralty court's exclusive jurisdiction to determine all issues relating to the limitation of liability, the district court should lift any stay against the state proceeding." The stipulations filed in the instant matter track the language in the stipulations used in *In re Two "R" Drilling Co.*

In *In re* T*etra Applied Technologies, L P*, 362 F.3d 338 (5th Cir. 2004), the Fifth Circuit reversed and remanded the decision of the trial court which refused to lift the stay of state court proceedings after the plaintiff filed a stipulation that he would not seek to enforce any state court judgment against a drilling rig owner in excess of the limitation fund and waived any right to claims of res judicata. The Fifth Circuit held that the trial court abused its discretion in not lifting and dissolving the stay and sending the matter back to state court.

---

[7] *Valley Line Co. v. Ryan*, 771 F.2d 366, 373 (8th Cir. 1985).
[8] *See Magnolia Marine*, 964 F.2d at 1575 (citing cases); Valley Line, 771 F.2d at 373 & n.3 (8th Cir. 1985); *see also Riverway Harbor*, 263 F.3d at 792 ("As long as a claimant stipulates to exclusive federal jurisdiction for limitation of liability purposes, that claimant may also pursue any other claims dealing with exoneration from liability in state court pursuant to the savings to suitors clause.").
[9] See concurrently filed stipulation in Civil Action No. 2:20-cv-02390, Rec. Doc. 26.

Anticipating an alternative argument by N&W, there is no requirement the stipulation include exoneration. Although the stated grounds for N&W's original opposition were that it did not include all claimants (which has now been conclusively resolved), the Fifth Circuit has clearly stated that a claimant's stipulations are not required to include exoneration in order to lift the stay order, as exoneration is not a substantive right exclusively attached to the limitation right of action.[10]

The stipulation previously filed by Mr. Wooley is now particularly ripe as Mr. Wooley is the sole claimant following the assignment of Turn's claims for tort contribution and indemnity. Out of an abundance of caution, even though Turn Services, LLC is not a party in the Petition filed by Plaintiff in the Civil District Court, Mr. Wooley is concurrently filing an alternative Stipulation in which Turn joins;[11] both stipulations serve to fully protect the Claimant-in-Limitation and meet the Fifth Circuit's requirements for a lift of the stay. As counsel for N&W herself conceded in her original opposition to Claimant's motion to remand, "**there are three (3) claimants in N&W Marine's Limitation Action: Trey Wooley, RCCL/Majesty of the Seas, Inc. and Turn Services.** Claimant Wooley's Stipulation only contains one of the parties, himself, and accordingly, his request to lift the Stay Order should be denied." Rec. Doc. 30 at p. 6 (emphasis added). RCCL are no longer claimants in this case in any capacity; the sole claimant, Mr. Wooley, has filed an appropriate stipulation fully protecting the rights reserved to the Claimant-in-Limitation. As such, this Court should lift the injunction and stay this proceeding, permitting the state court action to proceed in accordance with Mr. Wooley's stipulation. Any venue arguments raised by N&W are a red herring; they can and must be resolved by the state

---

[10] See, *In re Tetra Applied Technologies, L.P.*, 362 F. 3d 338 (5th Cir. 2004); see also, In Re Falcon Inland, Inc., 2 F.Supp.2d 835, 837 (E.D. La 1998).
[11] See Rec. Doc. 118.

court. Indeed, by N&W's own words, lifting of the stay injunction and staying this proceeding is mandated where, as here, it is a single claimant case.

## CONCLUSION

This is a single claimant case involving personal injury Claimant, Trey Wooley, pursuing his personal injury damages against N&W Marine Towing, L.L.C., as owner of the M/V NICHOLAS. As Mr. Wooley has filed the exact stipulation required by the Fifth Circuit, this Court can, indeed must, lift the injunction as prayed for and stay this matter administratively as the parties proceed in state court.

**WHEREFORE**, Claimant, Trey Wooley, hereby moves that this Court LIFT the injunction and administratively STAY this proceeding, permitting the parties to proceed with the personal injury case in state court and reserving the right of the Claimant-in-Limitation to challenge any excess judgment obtained in state court.

Respectfully submitted:

***Glago Williams, LLC***

/s/ Christopher G. Otten

**Mark P. Glago, Bar No. 25395**
**Jatavian L. Williams, Bar. No. 33431**
**Katherine E. May, Bar No. 32578**
**Christopher G. Otten, Bar No. 32626**
First Bank & Trust Tower - 29th Floor
909 Poydras Street
New Orleans, Louisiana 70112
Telephone: (504) 599-8666
Facsimile: (504) 599-8699
mglago@glagowilliams.com
jwilliams@glagowilliams.com
kmay@glagowilliams.com
cotten@glagowilliams.com
**Attorneys for the Plaintiff, Trey Wooley**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2021 a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

/s/ Christopher G. Otten
Christopher G. Otten