UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF N&W MARINE TOWING, LLC, AS OWNER OF THE M/V NICHOLAS, ITS ENGINES, TACKLE, APPURTENANCES, FURNITURE, ETC. PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION NO: 2:20-cv-02390<br>C/W   2:21-cv-00150<br><br>SECTION T(1)<br><br>THIS ORDER APPLIES TO ALL CASES |

## ORDER

Before the Court is a Motion to Stay Limitation of Liability Proceeding and to Lift Injunction filed by Claimant Plaintiff Trey Wooley ("Claimant" or "Claimant Wooley").[1] N&W Marine Towing, LLC, ("N&W Marine") has filed an opposition,[2] to which Claimant filed a reply.[3] The Court then granted leave after N&W Marine moved to file a supplemental memorandum in opposition,[4] and again allowed further briefing for Claimant's response to N&W's supplemental memorandum.[5] For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

This is a civil maritime action for exoneration from or limitation of liability pursuant to 46 U.S.C. § 305, *et seq*. arising from an incident involving multiple vessels on the Mississippi River. On February 29, 2020, the M/V NICHOLAS was traveling upriver with a six pack of barges in tow. While navigating between the M/V ASSAULT on one side of the river and an overtaking cruise ship on the other, both face wires connecting the M/V NICHOLAS to its tow were severed. Following the first breakage, the M/V ASSAULT radioed to offer help in replacing the face wires on the M/V NICHOLAS. Several deckhands, including the Plaintiff, Trey Wooley, boarded the

---

[1] R. Doc. 119.
[2] R. Doc. 127.
[3] R. Doc. 129.
[4] R. Doc. 135.
[5] R. Doc. 138.

1

M/V NICHOLAS. During his attempt to remove the broken face wire, Plaintiff's hand was crushed when another seaman allegedly turned on the winch.

On August 31, 2020, the owner of the M/V NICHOLAS filed a Verified Complaint in Limitation under Rule F(1).[6] Following Claimant's filing for damages and his answer in this Court,[7] Claimant filed a Petition for Damages in the Civil District Court for the Parish of Orleans, which was subsequently removed and later consolidated upon the filing of a Notice of Removal by Defendant Royal Caribbean Cruises ("RCCL").[8]

On July 27, 2021, the Court denied Claimant's Motion to Bifurcate.[9] Shortly thereafter, on August 4, 2021, Claimant filed the instant motion and related stipulation informing the Court that Claimant Turn Services, LLC ("Turn Services") had agreed to settle by assigning its contribution and indemnity claims to Claimant Wooley.[10] As a result, Claimant Wooley contends that this is now a single claimant action and, pursuant to Fifth Circuit precedent, the Court must stay the limitation action so that Claimant Wooley may pursue his damages claim in state court.[11]

Each of the remaining parties has offered considerable argument debating the mechanics of diversity snap removal jurisdiction and the Fifth Circuit's *Texas Brine* decision.[12] N&W Marine argues that despite Claimant Wooley's "sharp maneuvering" to manufacture a single claimant in limitation action, this case is properly before the Court on all issues because the claim was properly removed due to complete diversity of citizenship at the time of removal.[13] N&W Marine further

---

[6] R. Doc. 1; Fed. R. Civ. P. F(1).
[7] R. Doc. 12.
[8] R. Docs. 1 and 8, respectively.
[9] R. Doc. 117.
[10] R. Docs. 119 and 118.
[11] R. Doc. 119-1 at 2.
[12] *Texas Brine Company, L.L.C. v. American Arbitration Association, Inc.* 955 F.3d 482 (5th Cir. 2020) (holding that an out-of-state defendant served with process can immediately remove to federal court before in-state defendants are served to circumvent the forum-defendant rule).
[13] R. Doc. 127 at 1-2.

contends that by filing a lawsuit in state court following removal, Claimant violated this Court's Stay Order and thus foreclosed his ability to later proceed in state court."[14] In response, Claimant argues that while N&W Marine has the right to the federal forum for limiting liability, Claimant has the "absolute statutory right under the Savings to Suitors Clause to choose his forum to hear his [damages] case."[15] Claimant also distinguishes the facts of this case from *Texas Brine* by asserting that this case was not "otherwise removable" because there was no diversity at the time of filing.[16] Claimant does not deny the "propriety of snap removal," but instead highlights the "fundamental fact" that this is now a single claimant case with the proper stipulations filed regardless of N&W Marine's jurisdictional claims.[17]

## LAW AND ANALYSIS

Federal courts have exclusive admiralty jurisdiction to determine whether the vessel owner is entitled to limited liability.[18] In limitation proceedings, as in all admiralty cases, there is no right to a jury trial.[19] In *Odeco II*, the Fifth Circuit held that a shipowner facing potential liability for an accident occurring on the high seas may file suit in federal court seeking protection under the Limitation Act.[20] The Limitation Act allows a shipowner, lacking privity or knowledge, to limit liability for damages arising from a maritime accident to the "amount or value of the interest

---

[14] *Id*.; *see also* R. Doc. 132-3 at 1 ("At the outset, Mr. Wooley had several choices when and where he could originally bring his claim. Mr. Wooley's choices and the timing of those choices sealed his fate. Mr. Wooley's simple argument is that single claimant equates to a return to state court. The facts of this case and the procedural choices Mr. Wooley made, forecloses a return to state court.").
[15] R. Doc. 129 at 1.
[16] *Id*. at 3.
[17] R. Doc. 138 at 2.
[18] *Ex Parte Green*, 286 U.S. 437, 439-40, 52 S.Ct. 602, 603, 76 L.Ed. 1212 (1932) (holding that the admiralty court's jurisdiction over issues bearing on the right to limited liability, such as "privity or knowledge," is exclusive).
[19] *Waring v. Clarke*, 46 U.S. (5 How.) 441, 459, 12 L.Ed. 226, 235 (1847) (holding that the Seventh Amendment does not provide for jury trials in admiralty cases).
[20] *Odeco Oil and Gas Co., Drilling Division v. Bonnette*, 74 F.3d 671, 674 (5th Cir. 1996) (citations omitted in part) ("*Odeco II*").

of such owner in such vessel, and her freight then pending."[21] The Limitation Act is designed to protect shipowners in those cases in which "the losses claimed exceed the value of the vessel and freight."[22] A shipowner's right to limitation, however, is cabined by the "Saving to Suitors" clause.[23] The Saving to Suitors clause evinces a preference for jury trials and common law remedies in the forum of the claimant's choice.[24] Although tension exists between the Limitation Act and the Saving to Suitors clause, "the [district] court's primary concern is to protect the shipowner's absolute right to claim the Act's liability cap, and to reserve the adjudication of that right in the federal forum."[25]

In mediating between the right of shipowners to limit their liability in federal court and the rights of claimants to sue in the forum of their choice, federal courts have developed two instances in which a district court must allow a state court action to proceed: (1) when the total amount of the claims does not exceed the shipowner's declared value of the vessel and its freight, and (2) when *all claimants* stipulate that the federal court has exclusive jurisdiction over the limitation proceeding, and that the claimants will not seek to enforce a damage award greater than the value of the ship and its freight until the shipowner's right to limitation has been determined by the federal court.[26] In both instances, allowing the state court action to proceed is contingent on protecting the "absolute" right of the shipowner to limit his or her liability.[27]

---

[21] *Id.*; *see also* 46 U.S.C.A. § 183(a). This Limitation Act provision is now found at 46 U.S.C. § 30505: "Except as provided in section 30506 of this title, the liability of the owner of a vessel for any claim, debt, or liability described in subsection (b) shall not exceed the value of the vessel and pending freight."
[22] *Magnolia Marine Transport Co. v. Laplace Towing Co.,* 964 F.2d 1571, 1575 (5th Cir. 1992).
[23] *See* 28 U.S.C. § 1333(1) (giving federal district courts exclusive jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction," but "saving to suitors in all cases all other remedies to which they are otherwise entitled").
[24] *See* Magnolia Marine Transport Co., 964 F.2d at 1575.
[25] *Id.*
[26] *In re Weber Marine*, No. 2:09-cv-08071, 2010 WL 4884436, at *3 (E.D. La. 12/8/10) (citing *Texaco, Inc. v. Williams*, 47 F.3d 765, 768 (5th Cir. 1995)).
[27] *Id.* (citing *In re Complaint of Port Arthur Towing Co.*, 42 F.3d 312, 316 (5th Cir. 1995) and *Odeco Oil & Gas Co., Drilling Division v. Bonnette*, 4 F.3d 401, 405 (5th Cir.1993) (citations omitted in part) ("*Odeco I*")).

In this case, Claimant has utilized three motions in attempting to litigate his damages claim in state court. The first was the motion to remand.[28] The second was the motion to bifurcate.[29] Following the denial of bifurcation,[30] Claimant settled with Turn Services and proceeded with a third approach, the instant Motion to Stay.[31] Regarding the *Texas Brine* arguments, the Court understands and accepts the viability of snap removal as controlling Fifth Circuit precedent. Here, however, determining whether remand is proper based on diversity is not necessary because that is not the issue. The question presented is whether Claimant's stipulation satisfies the standard set forth by the Fifth Circuit in *Odeco II* for staying the limitation proceeding so that Claimant may pursue his damages claim in state court.[32]

After extensive litigation, the posture of this case is now rather simplified: one Claimant remains, and that Claimant has stipulated to the requirements set forth in *Odeco II*.[33] Upon review, the Court finds the stipulation satisfactory. Claimant certifies that "in no event will Claimant seek to enforce such excess judgment or recover against N&W Marine Towing, L.L.C., insofar as such enforcement may expose N&W Marine Towing, L.L.C.'s liability in excess of the adjudicated total Limitation Fund value, until such time as there has been an adjudication of limitation by this Court."[34] The stipulation further identifies this Court's exclusive jurisdiction to determine all issues relevant to N&W's limitation of liability and waives any claim of res judicata.[35] Accordingly, the stipulation adequately protects N&W's absolute right to limit its liability in the federal forum.[36]

---

[28] R. Doc. 27.
[29] R. Doc. 76.
[30] R. Doc. 117.
[31] R. Doc.
[32] *Odeco II*, 74 F.3d 671, 674.
[33] *Id.*
[34] R. Doc. 118 at 1.
[35] *Id.* at 2.
[36] *Supra* note 27.

Assuming *arguendo* that snap removal was properly executed, the result would still be the same because the Court is not remanding based on lack of diversity. While Plaintiff may proceed in state court, the Court is not relinquishing control of the case, but simply staying the limitation portion to afford Claimant's statutory right to pursue damages in state court.[37] In doing so, the stay balances the equities of the parties by "mediating between the right of shipowners to limit its liability and the right of claimants to sue in the forum of their choice."[38]

To be sure, the Court recognizes the unique nature in which this case unfolded. N&W Marine focuses heavily on the original removal of this action and argues that Claimant has taken fatal procedural missteps but offers nothing concrete as to how or why those missteps outweigh the collective precedents requiring stay in factually analogous cases. In the absence of compelling case law stating otherwise, the Court is bound by appellate authority to stay the limitation proceeding when a single claimant makes the appropriate stipulations, as holding otherwise could be viewed as an abuse of discretion at this juncture.[39] Accordingly, the Court will grant the Motion.

## **CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that the Motion to Lift Stay of Limitation of Liability in this matter permitting Claimant, Trey Wooley, to proceed with the prosecution of his state court suit is **GRANTED**.[40]

**IT IS FURTHER ORDERED** that in no event may Claimant, Trey Wooley, seek to enforce any excess judgment or recovery insofar as it may expose Limitation Plaintiff, N&W Marine Towing, LLC, to liability in excess of the value of the vessel known as M/V NICHOLAS and her pending

---

[37] *See* 28 USC § 1333.
[38] *Odeco II*, 74 F.3d at 674.
[39] *In re Tetra Applied Technologies, L P*, 362 F.3d 338 (5th Cir. 2004).
[40] R. Doc. 119.

freight, pending adjudication of the Complaint for Exoneration from or Limitation of Liability in this Court.

**IT IS FURTHER ORDERED** that this limitation of liability matter is administratively stayed pending the outcome of the state court actions and, as such, the Court orders the Clerk of Court to mark this action closed for statistical purposes. This Court, however, shall retain jurisdiction over this limitation of liability action and this case shall be restored to the trial docket upon the motion of a party if the state proceedings necessitate further proceedings in this Court.

New Orleans, Louisiana, this __27th__ day of August, 2021.

_____
**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**