# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 20, 2022

Lyle W. Cayce
Clerk

No. 21-30594

In re: In the Matter of the Complaint of N&W Marine Towing, L.L.C., as Owner of M/V NICHOLAS, its engines, tackle, appurtenances, furniture, etc., for Exoneration from or Limitation of Liability

Trey Wooley,

*Plaintiff—Appellee*,

*versus*

N&W Marine Towing, L.L.C., as Owner of M/V NICHOLAS, its engines, tackle, appurtenances, furniture, etc., praying for exoneration from or limitation of liability,

*Petitioner—Appellant*,

*versus*

Royal Caribbean Cruises Limited,

*Defendant*,

---

Trey Wooley,

*Plaintiff—Appellee*,

*versus*

N&W Marine Towing, L.L.C.; M/V Nicholas,

*Defendants—Appellants.*

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:20-CV-2390
USDC No. 2:21-CV-150

Before Higginson, Willett, and Ho, *Circuit Judges*.

Stephen A. Higginson, *Circuit Judge*:

After Trey Wooley was injured on board a ship owned by N&W Marine Towing, N&W filed a maritime limitation action in federal district court. Though the district court initially stayed Wooley from prosecuting claims against N&W in other forums, the court lifted its stay after Wooley made certain stipulations. On appeal, N&W argues that the district court abused its discretion by lifting the stay. We AFFIRM.

I.

On August 31, 2020, N&W Marine Towing (N&W), the owner of the vessel M/V *Nicholas*, filed in federal district court a Verified Complaint in Limitation, pursuant to the Limitation of Liability Act of 1851 (the Limitation Act).[1] The complaint alleges that on February 29, 2020, the *Nicholas* was towing six barges up the Mississippi River when it was overtaken by the *Majesty of the Seas*, a cruise ship. The complaint further alleges that the *Majesty of the Seas*' wake caused one of the *Nicholas*'s face wires to break and that the ship's other face wire broke while the *Nicholas* was maneuvering

[1] The Limitation Act, which is discussed in detail below, is codified at 46 U.S.C. §§ 30501-30512. *See also* Fed. R. Civ. P. Supp. R. F.

towards the riverbank. At this point, a third ship, the M/V *Assault*, offered to assist the *Nicholas* in replacing the face wires. Several *Assault* deckhands then boarded the *Nicholas*, and one of these deckhands, Trey Wooley, offered to remove the broken face wire from the winch. Wooley's hand was injured while he was attempting to remove the wire.

In response to N&W's complaint, the district court issued an order providing that "the commencement or further prosecution of any action or proceeding" against N&W involving claims related to the incident described in the complaint "is hereby stayed and restrained until the hearing and determination of this proceeding." Subsequently, Wooley, Royal Caribbean Cruises (RCC) (the owner of the *Majesty of the Seas*), and Turn Services (Wooley's employer) all filed in the district court claims against N&W. N&W filed counterclaims against RCC and Turn Services.

Wooley also filed a Petition for Damages in Louisiana state court. Wooley's state court petition named as defendants N&W, the *Nicholas*, RCC, and the *Majesty of the Seas*, along with several insurance companies. RCC removed Wooley's petition to federal court, asserting diversity of citizenship as grounds for removal. After the removed case was consolidated with N&W's limitation action, Wooley filed a Motion to Remand. The district court has not ruled on that motion. Wooley also filed a Motion to Bifurcate, which the district court denied.

Wooley and N&W both settled their claims against RCC. Wooley then filed a Motion to Stay Limitation of Liability Proceedings and Motion to Lift Injunction. In support of this motion, Wooley and Turn Services filed a Stipulation of Claimants to Lift Stay. The district court granted Wooley's motion to stay the limitation proceedings and lift the injunction, and it stated

that Wooley could "proceed with the prosecution of his state court suit." N&W appealed.[2]

II.

Under the Limitation of Liability Act, shipowners "may bring a civil action in a district court of the United States for limitation of liability." 46 U.S.C. § 30511(a). The Limitation Act allows shipowners to limit their liability for an array of "claims, debts, and liabilities" that might arise from the activities of their vessels to "the value of the vessel and pending freight," as long as the incident giving rise to liability occurred "without the privity or knowledge of the owner." 46 U.S.C. § 30505(a)-(b); *see also Magnolia Marine Transp. Co. v. Laplace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir. 1992) (summarizing Limitation Act); *Odeco Oil & Gas Co., Drilling Div. v. Bonnette*, 74 F.3d 671, 674 (5th Cir. 1996) (same). When a shipowner brings an action under the Limitation Act, "all claims and proceedings against the owner related to the matter in question shall cease." 46 U.S.C. § 30511(c). Accordingly, after a limitation action is filed, "the limitation court stays all related claims against the shipowner pending in any forum, and requires all claimants to timely assert their claims in the limitation court." *Magnolia Marine*, 964 F.2d at 1575; *see also* FED. R. CIV. P. SUPP. R. F(3) ("On application of the plaintiff the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action.").[3]

[2] We have jurisdiction over this appeal from an interlocutory order lifting an injunction under 28 U.S.C. § 1292(a)(1).

[3] Because the Supreme Court determined that the Limitation Act is "'incapable of execution' without further instructions to the courts," it "promulgated procedural rules to govern limitation actions," which are "now contained in Supplemental Admiralty and

However, "[a] shipowner's right to limitation . . . is cabined by the 'saving to suitors' clause." *Odeco Oil*, 74 F.3d at 674. Under the Judiciary Act of 1791, federal district courts "have original jurisdiction, exclusive of the courts of the States, of . . . [a]ny civil case of admiralty or maritime jurisdiction, *saving to suitors in all cases all other remedies to which they are otherwise entitled*." 28 U.S.C. § 1333(1) (emphasis added). Thus, although the Limitation Act "gives shipowners the right to seek limitation of their liability exclusively in federal court," the Judiciary Act's saving to suitors clause "affords suitors a choice of remedies." *In re Tetra Applied Techs. L P*, 362 F.3d 338, 340 (5th Cir. 2004) (citing *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 448 (2001)). "This statutory framework has created 'recurring and inherent conflict' between the saving-to-suitors clause of § 1333, with its 'presumption in favor of jury trials and common law remedies,' and the 'apparent exclusive jurisdiction' vested in admiralty courts by the [Limitation] Act." *Magnolia Marine*, 964 F.2d at 1575 (quoting *In re Dammers & Vanderheide & Scheepvaart Maats Christina B.V.*, 836 F.2d 750, 754 (2d Cir. 1988)).

In resolving the tension between the Limitation Act and the savings to suitors clause, "the district court's primary concern is to protect the shipowner's absolute right to claim the Act's liability cap, and to reserve the adjudication of that right in the federal forum." *Odeco Oil*, 74 F.3d at 674 (cleaned up). However, we have recognized "two instances in which a district court must allow a state court action to proceed":

> (1) when the total amount of the claims does not exceed the shipowner's declared value of the vessel and its freight, and (2) when *all claimants* stipulate that the federal court has

Maritime Claims Rule F." *In re Tetra Applied Techs. L P*, 362 F.3d 338, 340 (5th Cir. 2004) (quoting *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 447 (2001)).

> exclusive jurisdiction over the limitation proceeding, and that the claimants will not seek to enforce a damage award greater than the value of the ship and its freight until the shipowner's right to limitation has been determined by the federal court.

*Id.*; *see also In re Tetra*, 362 F.3d at 341 (explaining that "claims may proceed outside the limitation action (1) if they total less than the value of the vessel, or (2) if the claimants stipulate that the federal court has exclusive jurisdiction over the limitation of liability proceeding and that they will not seek to enforce a greater damage award until the limitation action has been heard by the federal court" (citation omitted)).

In maritime limitation of liability actions, "[w]e review a district court's decision to lift a stay for abuse of discretion." *Odeco Oil*, 74 F.3d at 674. However, "the issue whether a set of stipulations adequately protects a shipowner's rights under the Limitation Act is a question of law reviewed de novo." *In re Tetra*, 362 F.3d at 340. If a stipulation adequately protects a shipowner's rights, then the district court does not abuse its discretion by lifting a stay against proceedings in other forums. *See Lewis*, 531 U.S. at 454 ("[W]here, as here, the District Court satisfies itself that a vessel owner's right to seek limitation will be protected, the decision to dissolve the injunction is well within the court's discretion."); *In re Two "R" Drilling Co., Inc.*, 943 F.2d 576, 578 (5th Cir. 1991) ("Where the claimant concedes the admiralty court's exclusive jurisdiction to determine all issues relating to the limitation of liability, the district court should lift any stay against the state proceeding."); *In re Tetra*, 362 F.3d at 343 ("Because the proffered stipulations were sufficient to protect the rights of the shipowner to limitation, the court's denial of Leger's right to a choice of forum under the saving to suitors clause constitutes an abuse of discretion.").

Here, after N&W filed its limitation action, three parties filed claims: Wooley, Turn Services, and RCC. However, RCC and N&W settled, and

Turn Services assigned its claims to Wooley, leaving Wooley as the only remaining claimant. Wooley then filed a stipulation stating the following:

> In order to afford sufficient protection from excess liability arising out of third party claims where indemnification or contribution is or may be sought by other defendants pending the resolution of all claims in the limitation proceeding, in the event there is a judgment or recovery by claimant in any state court action or proceeding of any type in excess of the value of the Limitation Fund determined in accordance with 46 U.S.C.A. § 30511 and Supplemental Admiralty and Maritime Claims Rule F, in no event will Claimant seek to enforce such excess judgment or recover against N&W Marine Towing, L.L.C., insofar as such enforcement may expose N&W Marine Towing, L.L.C.'s liability in excess of the adjudicated total Limitation Fund value, until such time as there has been an adjudication of limitation by this Court, which has exclusive jurisdiction and authority to determine all issues relevant to N&W Marine Towing, L.L.C.'s claim for limitation of liability, and Plaintiff further agrees that any claim of res judicata based on judgment in any other Court, with respect to any issue of exoneration from and limitation of liability is reserved to this court, is hereby waived.

The district court concluded that Wooley's "stipulation adequately protects N&W's absolute right to limit its liability in the federal forum." We agree. Because the stipulation both recognized the district court's exclusive jurisdiction over the limitation proceeding and stated that Wooley would not seek to enforce a damage award greater than the value of the ship and its freight[4] until the district court had adjudicated the limitation proceeding, it

---

[4] Wooley's stipulation referred to the value of the "Limitation Fund," which contains "an amount equal to the value of the owner's interest in the vessel and pending freight," plus "an amount, or approved security, that the court may fix from time to time as necessary to carry out this chapter." 46 U.S.C. § 30511(b)(1).

meets the requirements set forth in *Odeco Oil*. *See* 74 F.3d at 674. Accordingly, the district court did not abuse its discretion by lifting the stay and allowing Wooley to pursue remedies in other forums. *See Lewis*, 531 U.S. at 454; *In re Two "R" Drilling Co.*, 943 F.2d at 578; *In re Tetra*, 362 F.3d at 343.[5]

## III.

N&W spends the bulk of its brief arguing that the district court abused its discretion by lifting the stay because "Wooley's state court suit . . . was already in federal court after a proper and timely 'SNAP' removal." N&W maintains that even though both N&W and Wooley are Louisiana citizens, Wooley's state court lawsuit against N&W and RCC was properly removed to federal court on diversity of citizenship grounds, under the doctrines of

[5] N&W briefly argues that Wooley's stipulation is inadequate because "[t]he precise details" of the assignment agreement between Turn Services and Wooley "are unknown." According to N&W, "in order to protect the shipowner's Limitation fund the District Court needs to examine the assignment to ensure it does not allow for a double recovery and the Limitation fund is not impacted by this agreement." However, N&W cites no authority supporting the proposition that the details of an assignment agreement might affect the adequacy of a stipulation. Moreover, because Turn Services joined Wooley's stipulation, stating that it was doing so "out of an abundance of caution," the requirements of *Odeco Oil* are met even assuming arguendo that the assignment is somehow defective and that Turn Services therefore remains a claimant. *See Odeco Oil*, 74 F.3d at 675 (explaining that a district court should lift a Limitation Act stay if "*all claimants* . . . sign the stipulation protecting the shipowner's rights"). Further, since the district court has retained jurisdiction over N&W's limitation action, it can resolve any issues relating to the assignment that might arise in the future, and presumably a state court could also do so in an appropriate case.

both snap removal[6] and improper joinder.[7] N&W then reasons that since Wooley's state court lawsuit was properly removed, the question "of whether the proposed Stipulation protects the vessel owner's interest now becomes moot," given that the saving to suitors clause does not guarantee plaintiffs a non-federal forum in cases where there exists some independent basis of federal jurisdiction, such as diversity of citizenship.[8]

Wooley responds that his state court lawsuit was not properly removed because the parties were not completely diverse, unlike other snap

---

[6] N&W maintains that because RCC removed the case before N&W had been served, snap removal was proper under *Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, which held that "[a] non-forum defendant may remove an otherwise removable case even when a named defendant who has yet to be 'properly joined and served' is a citizen of the forum state." 955 F.3d 482, 487 (5th Cir. 2020).

[7] N&W argues that because Wooley violated the district court's stay by naming N&W as a defendant in his state court suit, N&W's citizenship "is not to be considered when determining complete diversity of the parties following removal." N&W cites a Third Circuit case involving a bankruptcy stay for this proposition. *See Brown v. Jevic*, 575 F.3d 322, 327 (3d Cir. 2009) ("[B]ecause Brown had no reasonable basis to believe that JEVIC was amenable to suit, we hold that JEVIC was a fraudulently joined party and its status as a Defendant could not be used to defeat otherwise proper federal jurisdiction.").

[8] *See Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 220 (5th Cir. 2013) (explaining that that "the saving to suitors clause under general maritime law does not guarantee plaintiffs a nonfederal forum, or limit the right of defendants to remove such actions to federal court where there exists some basis for federal jurisdiction other than admiralty" (cleaned up)). N&W also argues that Wooley's claims should remain in federal court because he named a vessel in rem in his state court suit, even though federal courts have exclusive jurisdiction over such actions. *See Madruga v. Superior Ct. of State of Cal. in & for San Diego Cty.*, 346 U.S. 556, 560 (1954) (explaining that federal admiralty jurisdiction "is 'exclusive' only as to those maritime causes of action begun and carried on as proceedings *in rem*, that is, where a vessel or thing is itself treated as the offender and made the defendant by name or description in order to enforce a lien"). However, N&W frames this argument in the prudential terms of "[j]udicial economy, fairness, and efficiency," conceding that, by itself, federal jurisdiction over in rem proceedings against vessels "is not a sufficient basis for removal."

removal cases.[9] But as a threshold matter, Wooley suggests that N&W's brief "confuses the issues, as this is not truly a removal case." The district court reached a similar conclusion, explaining that even assuming "that snap removal was properly executed, the result would still be the same because the Court is not remanding based on lack of diversity" but rather "simply staying the limitation portion to afford [Wooley's] statutory right to pursue damages in state court." The district court responded to N&W's argument that Wooley violated the stay when he filed his state court petition by stating that N&W "argues that [Wooley] has taken fatal procedural missteps but offers nothing concrete as to how or why those missteps outweigh the collective precedents requiring stay [of the limitation proceeding] in factually analogous cases."

We agree with Wooley and the district court that N&W's arguments regarding removal are not relevant to the issue of whether the district court abused its discretion by lifting the stay. N&W cites no authority for the proposition that a district court abuses its discretion if it grants a claimant's motion to lift a stay in a limitation action where a companion case for damages was properly removed to federal court (due to snap removal, improper joinder, or otherwise). Rather, as explained above, our precedents require district courts hearing limitation actions to lift a stay against proceedings in other forums when a claimant makes the appropriate stipulations. *See Odeco Oil*, 74 F.3d at 674; *In re Two "R" Drilling Co.*, 943 F.2d at 578; *In re Tetra*, 362 F.3d at 343. Because Wooley made these stipulations, the district court did not abuse its discretion by granting his motion.

---

[9] Wooley points the court to a district court opinion concluding that "[s]nap removals can occur only in removal cases based solely on diversity jurisdiction where complete diversity exists." *Cox v. J.B. Hunt Transp., Inc.*, No. CV H-20-1454, 2020 WL 3288090, at *2 (S.D. Tex. June 17, 2020) (citation omitted).

Based on its briefing, N&W appears particularly troubled by the district court's statement that by lifting the stay it was "permitting Claimant, Trey Wooley, to proceed with the prosecution of his state court suit." However, as previously explained, though Wooley filed a petition for damages in Louisiana state court, that suit was removed to federal court and consolidated with N&W's limitation action. Wooley subsequently filed a motion to remand, but the district court has not yet ruled on the motion. Because Wooley thus does not appear to be currently prosecuting a state court suit, the above-quoted language from the district court's order should be read not as affirmatively authorizing Wooley to proceed with a particular state court suit but rather as simply emphasizing that the district court's stay no longer prevents Wooley from prosecuting an otherwise appropriate state court suit against N&W. Whether Wooley can in fact prosecute such a suit is a question that an appropriate court can determine at the appropriate time. This appeal solely concerns the issue of whether the district court abused its discretion by lifting its stay.[10]

IV.

For the foregoing reasons, we AFFIRM the district court's order granting Wooley's Motion to Stay Limitation of Liability Proceedings and Motion to Lift Injunction.

[10] We note that one way in which Wooley might be able to prosecute a state court suit would be if the district court were to decide to grant his motion to remand. However, unless such an event occurs, Wooley's removed suit against N&W will presumably remain in federal court. Of course, if the district court were to grant that motion, N&W could appeal, reiterating its arguments regarding snap removal and improper joinder at that time.