# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 8, 2024

Lyle W. Cayce
Clerk

No. 23-30112

In re In the Matter of the Complaint of N&W Marine Towing, L.L.C., *as Owner of M/V Nicholas, its engines, tackle, appurtenances, furniture, etc., for Exoneration from or Limitation of Liability*

Trey Wooley,

*Plaintiff—Appellee—Cross Appellant*,

*versus*

N&W Marine Towing, L.L.C., *as Owner of M/V NICHOLAS, its engines, tackle, appurtenances, furniture, etc., praying for exoneration from or limitation or liability*,

*Petitioner—Appellant—Cross Appellee*,

*versus*

Royal Caribbean Cruises, Limited,

*Defendant*,

**Certified as a true copy and issued as the mandate on Jan 12, 2024**

**Attest:** Lyle W. Cayce

**Clerk, U.S. Court of Appeals, Fifth Circuit**

Trey Wooley,

*Plaintiff—Appellee—Cross Appellant*,

*versus*

N&W Marine Towing, L.L.C.; Nicholas M/V; Ascot National Specialty Insurance Company; Starr Indemnity & Liability Company,

*Defendants—Appellants—Cross Appellees*.

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:20-CV-2390
USDC No. 2:21-CV-150

---

Before Stewart, Dennis, and Wilson, *Circuit Judges*.

# JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

IT IS ORDERED and ADJUDGED that the judgment of the District Court is AFFIRMED.

IT IS FURTHER ORDERED that Appellants/Cross-Appellees pay to Appellees/Cross-Appellants the costs on appeal to be taxed by the Clerk of this Court.

# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
January 8, 2024
Lyle W. Cayce
Clerk

---

No. 23-30112

---

In re In the Matter of the Complaint of N&W Marine Towing, L.L.C., as Owner of M/V Nicholas, its engines, tackle, appurtenances, furniture, etc., for Exoneration from or Limitation of Liability

Trey Wooley,

*Plaintiff—Appellee—Cross Appellant*,

*versus*

N&W Marine Towing, L.L.C., *as Owner of M/V NICHOLAS, its engines, tackle, appurtenances, furniture, etc., praying for exoneration from or limitation or liability*,

*Petitioner—Appellant—Cross Appellee*,

*versus*

Royal Caribbean Cruises, Limited,

*Defendant*,

---

Trey Wooley,

*Plaintiff—Appellee—Cross Appellant*,

*versus*

N&W Marine Towing, L.L.C.; Nicholas M/V; Ascot National Specialty Insurance Company; Starr Indemnity & Liability Company,

*Defendants—Appellants—Cross Appellees*.

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC Nos. 2:20-CV-2390, 2:21-CV-150

---

ON PETITION FOR REHEARING EN BANC

Before Stewart, Dennis, and Wilson, *Circuit Judges*.

Cory T. Wilson, *Circuit Judge*:

Because no member of the panel or judge in regular active service requested that the court be polled on rehearing en banc, *see* Fed. R. App. P. 35; 5th Cir. R. 35, the petition for rehearing en banc is DENIED. Our prior panel opinion, 83 F.4th 329 (5th Cir. 2023), is WITHDRAWN, and the following opinion is SUBSTITUTED therefor:

Trey Wooley filed a state court action against N&W Marine Towing (N&W) and others based on injuries Wooley suffered while serving as a deckhand on the Mississippi River. Wooley did so despite a district court stay order entered pursuant to the Limitation of Liability Act of 1851, *see* 46

U.S.C. § 30511(c).[1] One of the other defendants removed the case, citing federal diversity and admiralty jurisdiction. Weighing Wooley's motion to remand, the district court determined that N&W was improperly joined, dismissed N&W on that basis, and then, considering the properly joined parties, concluded that it had diversity jurisdiction and denied remand.

As they did before the district court, the parties on appeal contest whether this case belongs in state or federal court. N&W contends that, regardless of whether it was nondiverse from Wooley, and even if it was improperly joined in Wooley's state court lawsuit, Wooley's claims against N&W should remain in federal court because they arise under that court's admiralty jurisdiction, 28 U.S.C. § 1333(1). Wooley cross-appeals, taking the opposite tack. For the following reasons, we conclude that the district court properly dismissed N&W from this action, retained the case, and then, because no other defendants remained, dismissed the case itself.

# I.

We detailed much of this case's voyage in the court's prior opinion, *In re N&W Marine Towing, LLC*, 31 F.4th 968 (5th Cir. 2022) (*Wooley I*). We repeat relevant facts and procedural history as necessary.

On August 31, 2020, N&W filed in federal district court a verified complaint in limitation, Case No. 2:20-cv-2390 (the Limitation Action),

[1] Effective December 23, 2022, code sections of the Limitation Act were renumbered. 46 U.S.C. § 30505 was renumbered as 46 U.S.C. § 30523, and 46 U.S.C. § 30511 was renumbered as 46 U.S.C. § 30529. For consistency in this case, we use the prior statutory section numbers; the relevant statutory text did not change.

pursuant to the Limitation of Liability Act of 1851 (Limitation Act)[2] and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims.[3]

The Limitation Act provides that once a shipowner brings a limitation action "all claims and proceedings against the owner related to the matter in question shall cease." 46 U.S.C. § 30511(c); *see* Fed. R. Civ. P. Supp. R. F(3) (similar). The court where such an action is filed "stays all related claims against the shipowner pending in any forum," and all claimants must "timely assert their claims in the limitation court." *Magnolia Marine Transp. Co. v. Laplace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir. 1992).

The complaint filed in N&W's Limitation Action alleged that on February 29, 2020, the M/V *Nicholas*, which is owned by N&W, was towing six barges up the Mississippi River when the wake of a cruise ship, the *Majesty of the Seas*, caused one of the *Nicholas*'s face wires to break. While the *Nicholas* headed towards the riverbank, another face wire broke. The M/V *Assault* and its crew came to aid the *Nicholas* in mending the face wires, at which time a deckhand on the *Assault*, Trey Wooley, injured his hand.

---

[2] The Limitation Act allows shipowners to "bring a civil action in a district court of the United States for limitation of liability." 46 U.S.C. § 30511(a). The law permits shipowners to limit their liability to "the value of the vessel and pending freight" for a variety of "claim[s], debt[s], and liabilit[ies]" that might arise from vessels' activities so long as the incident giving rise to liability occurred "without the privity or knowledge of the owner." 46 U.S.C. § 30505(a)–(b); *see Wooley I*, 31 F.4th at 970–71 (collecting cases).

[3] In pertinent part, Rule F reads:

> Upon compliance by the owner with the requirements of subdivision (1) of this rule all claims and proceedings against the owner or the owner's property with respect to the matter in question shall cease. On application of the plaintiff the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action.

Fed. R. Civ. P. Supp. R. F(3).

In September 2020, the district court issued the following Stay Order in accordance with § 30511(c) and Rule F:

> The commencement or further prosecution of any action or proceeding against [N&W], their sureties, their underwriters and insurers, or any of their property with respect to any claims for which [N&W] seek[s] limitation of liability herein, including any claim arising out of or incident to or connected with personal injury, loss or damage allegedly caused, arising out of, or resulting from incidents which occurred on the Mississippi River at approximately mile marker 86-87 on February 29, 2020, as described in the [Limitation Action] Complaint, be and the same is hereby stayed and restrained until the hearing and determination of this proceeding.

Wooley, Turn Services (Wooley's employer), and Royal Caribbean Cruises (RCC) (owner of the *Majesty of the Seas*) all filed claims against N&W in the Limitation Action. N&W filed counterclaims against Turn Services and RCC.

On January 8, 2021, the Stay Order in effect, Wooley filed a Petition for Damages in Orleans Parish, Louisiana, Case No. 2:21-cv-150 (the State Court Petition). Wooley named N&W, the *Nicholas*, RCC, the *Majesty of the Seas*, and several insurance companies as defendants. Wooley asserted that the state court had jurisdiction pursuant to the saving to suitors clause, *see* 28 U.S.C. § 1333(1),[4] and alleged that (1) Turn Services was the Jones Act employer of Wooley while Wooley worked on the *Assault*; (2) N&W, the

---

[4] 28 U.S.C. § 1333 provides, in relevant part:

> The district courts shall have original jurisdiction, exclusive of the courts of the States, of:
>
> (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.

*Nicholas*, and RCC negligently caused the accident injuring Wooley; and (3) N&W and RCC were liable to Wooley under "general maritime law and/or maintaining unseaworthy vessels."

RCC removed the State Court Petition to federal district court, asserting diversity jurisdiction and, in the alternative, "admiralty tort jurisdiction" pursuant to § 1333(1). The district court consolidated the now-removed State Court Petition with the Limitation Action. Wooley moved to bifurcate, which the district court denied. Wooley also moved to remand.

On August 8, 2021, before the district court had ruled on his motion to remand, Wooley moved to stay the Limitation Action and lift the injunction against proceeding in state court. Wooley stipulated that he would not seek to enforce any judgment in excess of the value determined in the Limitation Action in accordance with § 30511 and Rule F. Wooley further stipulated that the federal court "ha[d] exclusive jurisdiction and authority to determine all issues relevant to [N&W's] claim for limitation of liability."

On August 27, 2021, the district court determined that these stipulations "adequately protect[ed] N&W's absolute right to limit its liability in the federal forum," and it granted Wooley's motion to stay the Limitation Action, allowing him to proceed with the prosecution of his saving-to-suitors claims. N&W filed an interlocutory appeal, and we affirmed, noting that "our precedents require district courts hearing limitation actions to lift a stay against proceedings in other forums when a claimant makes the appropriate stipulations." *Wooley I*, 31 F.4th at 974 (citing *Odeco Oil & Gas Co., Drilling Div. v. Bonnette*, 74 F.3d 671, 674 (5th Cir. 1996), *In re Two "R" Drilling Co. Inc.*, 943 F.2d 576, 578 (5th Cir. 1991), and *In re Tetra Applied Techs. L P*, 362 F.3d 338, 343 (5th Cir. 2004)). Because we agreed Wooley's stipulations passed muster, we concluded that the district court did not abuse its discretion.

On February 15, 2023, nearly two years after Wooley filed his motion to remand, the district court denied it. The court found that "Wooley blatantly violated [its] Stay Order" by naming N&W in the State Court Petition, and therefore N&W was "improperly joined." As a result, the district court dismissed N&W from the case. Even though Wooley and N&W were each a citizen of Louisiana, and thus nondiverse, the court determined that the "state court suit ha[d] no legal effect as to N&W," and "removal was proper because there was complete diversity between Wooley and the properly joined State Court defendants."[5]

After dismissing N&W from the case, no claims remained live in the State Court Petition because Wooley had previously settled his claims against the other defendants. Therefore, the district court severed Wooley's State Court Petition from the Limitation Action and dismissed it without prejudice. The district court retained jurisdiction over the Limitation Action but stayed and administratively closed it to allow Wooley to pursue any viable claims against N&W in Louisiana state court pursuant to the saving to suitors clause.

N&W and Wooley both appeal. Seeking to remain in federal court, N&W raises several issues, namely whether: (1) a case is removable if it contains "general maritime law claims" filed in violation of the district court's stay order; (2) the district court abused its discretion in denying Wooley's motion to remand; (3) the district court erred in dismissing N&W and the State Court Petition after lifting the Stay Order; and (4) admiralty jurisdiction provides an independent basis for removal after the 2011

[5] Even though RCC initially removed the case based on diversity or, alternatively, admiralty jurisdiction, the district court appeared to make no finding as to admiralty tort jurisdiction.

amendments to 28 U.S.C. § 1441.[6] On cross-appeal, Wooley contends that the outcome of the case was correct, but if this court were to determine that N&W was properly joined, then Wooley contends the district court erred in denying his motion to remand.

## II.

We review the district court's finding of improper joinder *de novo*. *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013) (collecting cases). Once a court determines that a nondiverse defendant is improperly joined, that party must be dismissed from the case. *Int'l Energy Ventures Mgmt. LLC v. United Energy Group Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016). Thus, we review whether dismissal of N&W was proper in concert with our review of improper joinder.

Similarly, we review the district court's denial of Wooley's motion to remand and whether the district court should have exercised jurisdiction over his claims against N&W *de novo*. *Flores v. Garland*, 72 F.4th 85, 88 (5th Cir. 2023); *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 182 (5th Cir. 2018). "To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)).

---

[6] N&W frequently uses some form of the phrase "abuse of discretion" in framing the issues. This is not always correct; for instance, as N&W notes in its briefing, we review a denial of a motion to remand *de novo*, not for abuse of discretion.

## A.

The district court found that Wooley improperly joined N&W in the State Court Petition in violation of its Stay Order and denied Wooley's motion to remand as a result. The court did not err in doing so.

"When an action has been brought under [the Limitation Act] and the [vessel] owner has complied with [§ 30511](b), all claims and proceedings against the owner related to the matter in question shall cease." 46 U.S.C. § 30511(c). Here, once N&W filed the Limitation Action, all other actions against N&W related to Wooley's claims were precluded by § 30511(c). Wooley thus improperly sued N&W in the State Court Petition when he proceeded in derogation of the Limitation Act and, relatedly, Rule F and the district court's Stay Order. N&W agrees that it was improperly joined, that its "citizenship should be ignored for purposes of determining diversity of citizenship," and that RCC was a properly joined defendant. In fact, N&W concedes that at the time of removal "there was no possibility of recovery by Mr. Wooley from N&W due to the District Court's Limitation Stay Order[.]"[7] Because N&W does not contest the district court's finding that

[7] N&W somewhat backtracks on this argument, later stating that "naming defendants directly contrary to the federal court's Limitation Stay [] does not pretermit the possibility of recovery, possible recovery is only delayed." This latter position is untenable because, as N&W itself states, "the district court must examine the plaintiff's possibility of recovery against the defendant *at the time of removal.*" *See Turner v. GoAuto Ins. Co.*, 33 F.4th 214, 215 (5th Cir. 2022) ("When a case is removed from state court to federal court and the plaintiff seeks to have the case remanded, we evaluate the complaint at the time of removal.") (citing *Bonin v. Sabine River Auth. Of La.*, 961 F.3d 381, 385 (5th Cir. 2020)); *accord Manguno*, 276 F.3d at 723. At the time of removal, the Stay Order was in effect, and under a Federal Rule of Civil Procedure 12(b)(6) analysis, the state court claims against N&W therefore failed.

it was improperly joined, we need not relitigate the issue.[8] Further, this (correct) concession largely controls this case.

We begin with improper joinder in diversity cases. Once a court determines that a nondiverse defendant was improperly joined, that defendant's citizenship may not be considered for purposes of diversity jurisdiction, and that defendant must be dismissed without prejudice. *Int'l Energy Ventures Mgmt.*, 818 F.3d at 209. The district court correctly followed that course: Determining that N&W had been improperly joined, the court considered only the citizenship of the properly joined State Court Petition defendants. As they were diverse from Wooley, removal based on diversity jurisdiction was permitted, and N&W was properly dismissed without prejudice.

The district court did not address Article III admiralty jurisdiction, which RCC also invoked to support removal of the State Court Petition, but the result is the same for N&W. As discussed, N&W was improperly joined because Wooley's proceeding against it via the State Court Petition was barred by operation of the Limitation Act and the district court's Stay Order

---

[8] Our agreement with the district court that N&W was improperly joined is based on a Rule 12(b)(6) analysis. *See Ticer v. Imperium Ins. Co.*, 20 F.4th 1040, 1046 (5th Cir. 2021) (To determine whether a defendant was improperly joined, courts conduct a "[Rule] 12(b)(6)-type analysis, 'looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.'" (quoting *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc))). The district court analogized this case to bankruptcy cases to support its conclusion that N&W was improperly joined in contravention of the Stay Order. To the extent that the district court reached beyond our precedent, the reach was unwarranted: Applying a Rule 12(b)(6) analysis, Wooley could not state any claim outside the Limitation Action against N&W by operation of § 30511(c), Rule F, and the Stay Order, leaving a state court no choice but to dismiss Wooley's claims against N&W. *See Int'l Energy Ventures Mgmt.*, 818 F.3d at 209 (If "a court determines that a nondiverse party has been improperly joined to defeat diversity, that party must be dismissed without prejudice.").

issued pursuant to the statute and Rule F. N&W invoked—and the district court exercised—the federal court's admiralty jurisdiction when it filed the Limitation Action. More on admiralty jurisdiction later. For purposes of Wooley's motion to remand, what matters is that at the time RCC removed the State Court Petition, there existed no viable claims against N&W outside of the Limitation Action, admiralty or otherwise. The district court properly dismissed N&W from the State Court Petition and then denied remand.

**B.**

Notwithstanding N&W's agreement that it was improperly joined, such that no viable claims existed against N&W at the time of removal, N&W casts several arguments as to why the district court erred in dismissing it from the case, dismissing the case, and denying N&W immediate passage to federal court. None are availing.

First, N&W contends that Wooley's State Court Petition, once removed, should remain in federal court because Wooley did not "anchor his case in state court by requesting a jury or asserting a Jones Act claim against his employer, Turn Services." N&W cites *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208 (5th Cir. 2013), to support this contention. In *Barker*, this court noted that the "'saving to suitors' clause under general maritime law 'does not guarantee [plaintiffs] a nonfederal *forum*, or limit the right of defendants to remove such actions to federal court where there exists some basis for federal jurisdiction other than admiralty." 713 F.3d at 220 (alterations and emphasis in original) (quoting *Tenn. Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150, 153 (5th Cir. 1996)). N&W seizes on this statement to posit that even if a plaintiff invokes the saving to suitors clause in a state court action,

that does not prevent removal of the action to federal court under admiralty jurisdiction.[9]

Whatever the removability of a state action brought pursuant the saving to suitors clause, a question we need not answer in today's case, N&W's argument runs aground because N&W offers no authority for a district court's maintaining claims in federal court against an improperly joined party, despite improper joinder. Put differently, the conundrum in this case arises not from a question of jurisdiction—the district court properly *denied* Wooley's motion to remand the State Court Petition because it *had jurisdiction*, after all—but because Wooley proceeded out of order, flouting the Limitation Act and the Stay Order in the Limitation Action. Wooley attempted to elect his "choice of remedies" against N&W under the saving to suitors clause first, and then eight months later, after RCC had

---

[9] *Barker* also states that "maritime cases which are brought in state court" "are exempt from removal by the 'saving-to-suitors' clause of [§ 1333(1)] . . . and therefore may only be removed when original jurisdiction is based on another jurisdictional grant, such as diversity of citizenship." *Id.* at 219 (citing *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 377–79 (1959); *In re Dutile*, 935 F.2d 61, 63 (5th Cir. 1991)). Since *Barker*, our court has acknowledged the lack of clarity on this point, particularly considering Congress's 2011 amendment to 28 U.S.C. § 1441:

> [W]hether the saving-to-suitors clause of the federal maritime statute prohibits removal of general maritime claims absent an independent basis for federal jurisdiction in light of Congress's December 2011 amendment to the federal removal statute—is not clear. The vast majority of district courts considering this question have maintained that such lawsuits are not removable . . . . However, because there is no binding precedent from this circuit, *see Riverside Constr. Co., Inc. v. Entergy Miss., Inc.*, 626 [F. App'x] 443, 447 (5th Cir. 2015) (noting that "[t]he Fifth Circuit has not yet spoken directly on this issue"), there remains a consequential number of district courts that have held to the contrary.

*Sangha v. Navig8 ShipManagement Private Limited*, 882 F.3d 96, 100 (5th Cir. 2018) (citations omitted). While N&W and amici urge this court to clarify this question en banc, as discussed above the line, it is not necessary for us to do so in the context of this case.

removed the State Court Petition, belatedly sought to lift the Stay Order in the Limitation Action. *See Wooley I*, 31 F.4th at 971 (discussing "tension between the Limitation Act and the savings to suitors clause" and the stipulations necessary for a separate "state court action to proceed" (quoting *Odeco Oil & Gas*, 74 F.3d at 674)). As the district court correctly concluded, this meant that, regardless of whether Wooley asserted a Jones Act claim, or any other, he could not proceed against N&W either at the time he filed the State Court Petition or when RCC removed it because there were no viable claims against N&W outside the Limitation Action. And N&W offers no authority to support the notion that Wooley's belated stipulations in the Limitation Action cured that defect. *Cf. Cavallini*, 44 F.3d at 264–65 ("[T]he rationale for determining removal jurisdiction on the basis of claims in the state court complaint as it exists at the time of removal is obvious"; moreover, "after a fraudulent joinder removal, a plaintiff may [not] amend the complaint in order to state a claim against the nondiverse defendant, and thus divest the federal court of jurisdiction").[10]

Distilled down, N&W's other arguments for remaining in federal court veer off course for the same reason. For instance, N&W contends that once the district court determined removal was proper as to RCC under diversity jurisdiction, the court should have exercised jurisdiction over the claims against N&W as well. This argument flies in the face of our precedent that, once "a court determines that a nondiverse party has been improperly joined to defeat diversity, that party must be dismissed without prejudice." *Int'l Energy Ventures Mgmt.*, 818 F.3d at 209.

---

[10] Another complicating factor in this case is that the district court's ruling on Wooley's motion to remand came two years after Wooley filed the motion and a year-and-a-half after the court granted his motion for relief from the Stay Order, which allowed claims against N&W to proceed—just not in the prematurely-filed State Court Petition.

Our holding in *Flagg v. Stryker Corp.*, 819 F.3d 132 (5th Cir. 2016) (en banc), is instructive. In *Flagg*, a patient alleged that his toe surgery was unsuccessful and filed a complaint in Louisiana state court against his doctor and the medical center, as well as the manufacturers of the toe implant. 819 F.3d at 134–35. The manufacturers removed the case based on diversity jurisdiction. *Id.* at 135. They asserted they were completely diverse from the patient and that the medical defendants, who were not diverse, were improperly joined because the patient had failed to exhaust malpractice claims administratively prior to filing the state court petition, as required by Louisiana state law. *Id.* We agreed, holding that the patient's failure to exhaust his claims against the medical defendants meant those claims would fail under a Rule 12(b)(6)-type analysis. *Id.* at 138. Thus, those defendants were improperly joined, and the "state court would have been required to dismiss [them] from the case." *Id.*

The same logic obtains here. As discussed previously, the Louisiana state court would have had no choice but to dismiss Wooley's claims against N&W by operation of § 30511(c), Rule F, and the district court's Stay Order. And while N&W offers authority for the proposition that "[o]nce the court establishes jurisdiction exists, it has a duty to exercise that jurisdiction," N&W nowhere explains, much less cites support for, how the district court could extend jurisdiction over Wooley's claims against N&W despite its conclusion that N&W was not a proper party to the State Court Petition.[11] This argument sinks of its own weight.

---

[11] N&W argues that because complete diversity existed when RCC removed the State Court Petition in view of N&W's improper joinder, the district court was allowed to exercise jurisdiction over N&W's claims as well. N&W cites to *Richey v. Walmart Stores, Inc.*, 390 F. App'x. 375 (5th Cir. 2010), where this court affirmed a district court's denial of remand. *Richey* is easily distinguishable. There, Richey sued Walmart in state court and

N&W next lodges several arguments that Wooley's claims had an independent basis for federal jurisdiction aside from diversity jurisdiction. None provides safe harbor. First, N&W argues, somewhat convolutedly, that once the district court determined removal was proper, Wooley's "general maritime claim against N&W" could act as a jurisdictional hook. N&W similarly argues that the 2011 Amendments to 28 U.S.C. § 1441 "made a substantive change in removal jurisdiction over maritime cases" and, specifically, that changes to § 1441(b) "may provide an alternative basis for removal and retention of th[is] case in federal court." N&W contends that because Wooley named the *Nicholas* in the State Court Petition and because federal courts have exclusive jurisdiction over *in rem* admiralty actions, the entire case should have remained in federal court.

To the extent N&W argues that federal courts' admiralty jurisdiction dictates that claims asserted pursuant to the saving to suitors clause are removable based on admiralty jurisdiction alone, N&W prematurely offers an answer to the wrong question, as Wooley has yet to assert any cognizable claims against N&W pursuant to § 1333(1). To the extent N&W's arguments are of a theme with its contention that so long as the district court had jurisdiction over *some* party, then the district court could extend that

---

Walmart removed. At the time of removal, there was complete diversity. After, Richey attempted to file an amended complaint naming Walmart Stores Texas LLC as a co-defendant, and Richey moved to remand, arguing that she and Walmart Stores Texas LLC were nondiverse. We emphasized that courts must examine "whether diversity 'existed at the time of removal.'" *Id.* at 378 (quoting *Texas Beef Group v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000). And "subsequently added defendants cannot divest the district court of the original jurisdiction it had at the time of removal." *Id.* at 378 n.2. Here, N&W was improperly joined in the State Court Petition from the outset.

jurisdiction even to an improperly joined one, they run into the shoals of our improper joinder precedent as well.[12]

Finally, N&W argues that the district court abused its discretion by dismissing the case because dismissal is countenanced by neither Rule F nor the "analogous Fifth Circuit Bankruptcy decisions." N&W asserts that under the terms of Rule F(3), a district court may not dismiss a state court lawsuit once it is properly removed, *and* a stay order is no longer in effect—essentially, that Rule F permits a court merely to "pause" other proceedings pending a Limitation Act stay. This line of reasoning misapprehends the rationale supporting dismissal of the State Court Petition: The district court did not conclude that the State Court Petition was without legal effect from its filing; instead, the court determined that Wooley's action was "'void and without legal effect' *as to N&W* . . . ." Given that determination, because all the other defendants had been dismissed from the State Court Petition, no case remained before the district court. To accept N&W's argument would be to conclude that the district court should have retained jurisdiction over a case with no defendants, all to resurrect the claims against an improperly joined one. This cannot be so.[13]

---

[12] N&W seeks to analogize to *Williams v. M/V Sonora*, 985 F.2d 808, 812 (5th Cir. 1993). In *Williams*, a case was removed from Texas state court pursuant to the Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. § 1441(d), because a defendant, Pemex, qualified as a "foreign sovereign." 985 F.2d at 810. When Pemex was eventually dismissed, plaintiffs argued that the case should have been remanded because the only other basis for federal jurisdiction was admiralty law, and pursuant to the saving to suitors clause, "admiralty claims . . . are non-removable." *Id.* at 812. The district court declined to remand, and we affirmed, noting that though the case would not have been removable in the first instance without FSIA jurisdiction, at the time of removal Pemex was a proper party. *Id.* Here, by contrast, N&W was not a proper party at the time of removal.

[13] N&W's analogies to bankruptcy proceedings, which are governed by bankruptcy rules, are unpersuasive for the same reasons as its attempted reading of Rule F. We therefore decline to address them further.

## III.

In his cross appeal, Wooley asserts that the district court erred in denying his motion to remand. Wooley makes three arguments. We need not plumb the depths of these contentions, but we will briefly discuss why each fails.

First, he contends that N&W was not improperly joined and there was a lack of complete diversity at the time of removal. For the reasons stated above, we disagree with Wooley and find that the district court did not err in determining N&W was improperly joined.

Next, Wooley asserts that the State Court Petition was not removable pursuant to the saving to suitors clause because N&W failed to "identify an independent basis [for] federal subject matter jurisdiction (other than admiralty)." Regardless of the merits of Wooley's argument on this point, it seeks to answer the wrong question in this case. As thoroughly addressed already, at the time of removal, *no valid claims* could be asserted against N&W in a forum other than the Limitation Action; because Wooley had "blatantly violated [the district court's] Stay Order" by naming N&W in the State Court Petition, N&W was not a proper party, whatever the underpinning for federal jurisdiction. Besides, the "'saving to suitors' clause under general maritime law 'does not guarantee [plaintiffs] a nonfederal forum," *Barker*, 713 F.3d at 220, though that is an issue for another day.

Finally, Wooley contends the district court lost jurisdiction after it lifted the Stay Order, and therefore the district court should have granted its motion to remand. This point is mooted by our conclusion that N&W was improperly joined, and thus properly dismissed, and by the subsequent dismissal of the remaining defendants from the State Court Petition.

## IV.

N&W was improperly joined as a defendant in the State Court Petition. When RCC removed the case to federal court, the district court therefore properly disregarded N&W's citizenship and dismissed it from the case. The court likewise properly denied Wooley's motion to remand. And once N&W was dismissed, leaving no defendants in the case, the district court properly severed and dismissed without prejudice the State Court Petition.

AFFIRMED.

# *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

January 12, 2024

Ms. Carol L. Michel
U.S. District Court, Eastern District of Louisiana
500 Poydras Street
Room C-151
New Orleans, LA 70130

No. 23-30112 Wooley v. N&W Marine Towing
USDC No. 2:20-CV-2390
USDC No. 2:21-CV-150

Dear Ms. Michel,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

Sincerely,

LYLE W. CAYCE, Clerk

By: _________________________
Allison G. Lopez, Deputy Clerk
504-310-7702

cc: Mr. Kenneth G. Engerrand I
Mr. Mark Philip Glago
Ms. Kelley Ann Sevin
Mr. Harold K. Watson